CHASEZ, Judge.
Mrs. Anna Galatas, wife of Wilson Torres, filed a claim with the Administrator of the Division of Employment Security of the Department of Labor for unemployment compensation benefits after termination of her employment with Winn-Dixie Louisiana, Inc. Through the three stages of administrative proceedings her claim was denied under the provisions of LSA-R.S. 23 :- 1601(1) on the basis of a factual determination that she voluntarily left her employ without a good cause connected with her employment.
Pursuant to LSA-R.S. 23:1634, she appealed to the Twenty-Ninth Judicial District Court where the administrative denial of her claim was reversed. The District Court concluded there was not sufficient evidence to support the finding that claimant quit her job without good cause.
*65 The factual situation was either that claimant’s supervisor fired claimant, or that claimant quit. The only evidence was testimony of claimant and of the manager of the Laplace store where she worked. The manager’s testimony was to the effect that claimant quit her work, although he also testified:
“REFEREE: Did you tell her that morning to take off her apron and go home?
“DELVISCO: Yes sir, at 8:00, if she couldn’t obey orders and follow instructions and do as I told her to do it, hut she did not take off her apron, she continued working. She worked from 8:00 until 11:00.”
Claimant’s version of the incident was that she was told to take off her apron and go home, if she couldn’t follow orders by Delvisco (allegedly contrary to standing instructions about the order of wrapping meat) ; and that she was so upset by being fired by Delvisco (whom she called “Johnny” in her testimony) that she didn’t leave for about half an hour.
Regardless whether or not we agree with the administrative determination of the facts, no judicial review of the facts is afforded under LSA-R.S. 23:1634; as to the facts, the only question reviewable is whether or not the determination is “supported by sufficient evidence”. Where there is no evidence, or only a scintilla of evidence, to support the finding claimant quit, the District Court might find the evidence insufficient. But here, the evidence supporting a finding claimant quit is not so disproportionate to the evidence to the contrary, as to justify a conclusion that the finding was not supported by sufficient evidence. See McGinnis v. Moreau, 149 So.2d 188, 191 (La.App.1963).
The determination of the initial examiner was that claimant voluntarily left her employment without good cause connected with her work. The appeal from this ruling taken by claimant was heard by the Appeals Referee, the proceedings before whom are in the record, and the Appeals Referee affirmed the determination of the agency as being correct, and declined to grant judgment in claimant’s favor.
Claimant then took an appeal to the Board of Review. The Board of Review rendered its decision in September 1962, stating:
“The decision of the Referee having been reviewed, the Board of Review having found no errors therein, IT IS, THEREFORE, ORDERED that the decision of the Referee shall be deemed to be the decision of the Board of Review in accordance with R.S. 23 :1630.”
Accordingly the judgment appealed from must be and it is hereby reversed, and the decision of the Louisiana Board of Review denying the benefits sought, is reinstated.
Reversed.